UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL FAVORS,

        Plaintiff,

v.

CITY OF HIGHLAND PARK, GRETTA CONTRERAS, HOLLIS SMITH, and MAURICE WILLIAMS,

        Defendants.

Case No. 11-13321
Honorable Julian Abele Cook, Jr.

## ORDER

In this lawsuit, the Plaintiff, Daryl Favors, has accused the Defendants, City of Highland Park ("City") et al,[1] of trammeling his civil rights in violation of 42 U.S.C. § 1983. In his complaint, Favors has asserted claims in four separate counts against the City and the three identified Defendants, all of whom were municipal law enforcement officers at the time of the alleged infraction; namely, Count I alleges excessive force in violation of the Fourth Amendment; Counts II and III allege state law claims for assault/battery and gross negligence against the individual Defendants; and Count IV alleges liability against the City for (1) failing to properly train its municipal employees, and/or (2) customs and policies that resulted in constitutional violations.[2]

---

[1] In addition to the City, Favors has identified Gretta Contreras, Hollis Smith, and Maurice Williams as Defendants in this action.

[2] The Court has supplemental jurisdiction over Favors' state law claims pursuant to 28 U.S.C. § 1367(a) as they are a part of the same "case or controversy" as the § 1983 claim.

I.

In recalling the incident, which is the subject of this lawsuit, Favors submits that he had brought his car to a stop while in Highland Park, Michigan on August 1, 2009 when the individual Defendants - acting as law enforcement officers for the City - approached his car with their weapons drawn and ordered him out of the vehicle. Thereafter, Favors submits that they grabbed him, pulled him onto the concrete ground, punched and kicked him, threatened to shoot him, sprayed him with mace, and placed him in the rear of their police car with the windows rolled up, and, in so doing, disregarded his complaint that he was unable to breathe.

II.

At any time prior to the commencement of the trial, a party may move for the entry of a judgment on the pleadings. *See* Fed.R.Civ.P. 12(c). The standard of review by a court is the same standard applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-12. In reviewing the motion, the Court must construe the complaint in the light that is most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *See, e.g., Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir.1999).

However, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted).

### III.

Initially, the Defendants, in their collective attack upon the allegations in Count I, assert that in order to prevail in a claim for excessive force under 42 U.S.C. § 1983, Favors must prove that (1) they acted "under color of law" and (2) their conduct deprived him of a clearly established right, privilege, or immunity secured by the Constitution or the laws of the United States. *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir.2003).

Furthermore, they argue that the complaint in this action does not plead a sufficiency of facts to support his claim of excessive force. Under *Twombly*, a court must assume the truthfulness of the facts in the complaint, construe them "in the light most favorable to the plaintiff," and thereafter determine if he has stated a plausible claim. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.2010) (internal quotation marks and citations omitted). The complaint states that:

> [Defendants] grabbed Plaintiff and slammed Plaintiff face first on the concrete ground below. [Defendants] then proceeded to grab Plaintiff's arms and legs and then [Defendants] proceeded to kick, hit, and punch Plaintiff about his head and body, despite Plaintiff's compliance. Furthermore, without warning and despite being compliant, Plaintiff was sprayed with mace. Plaintiff was told by one of the Defendant police officers that if he moved, he would be shot. Plaintiff was then put in the rear of a police car at which point all of the windows were rolled up, and Plaintiff's complaints that he could not breathe were ignored; and furthermore Plaintiff was told that if he did not 'shut up,' he would be shot. (Plaintiff's Complaint, ¶¶ 14-18).

If believed, these allegations plausibly give rise to an excessive force claim against the individual Defendants. The constitutional standard for evaluating excessive force claims during an arrest is the reasonableness standard of the Fourth Amendment. *Graham v. Conner*, 490 U.S. 386, 395 (1989)

3

(standard for determining excessive force claims). Clearly, Favors' complaint satisfies the *Twombly* standard. Therefore, the Defendants' dispositive motion, as it relates to the excessive force claim, must be denied.

Count II is a state law claim which charges the individual Defendants with acts of assault and battery. Under Michigan law, an assault is defined as an "intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *VanVorous v. Burmeister,* 262 Mich.App. 467, 482-83 (2004). A battery is "a willful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *Id.* at 483. In Michigan, police officers who use excessive force may be liable for assault and battery. *Id.* Here, Favors' complaint adequately pleads this count to survive the Defendants' motion to dismiss.

Count III is a state law claim that has been leveled against the individual Defendants for their alleged acts of gross negligence. Notwithstanding Favors' characterization of the wording within this particular Count, his allegations regarding the Defendants' claimed misconduct sound in tort and battery. Michigan courts have consistently "rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence." *VanVorous v. Burmeister,* 262 Mich.App. 467, 687 N.W.2d 132, 143 (2004); *see also Livermore v. Lubelan*, 476 F.3d 397, 408 (6th Cir.2007). As such, Favors' claim of gross negligence is not cognizable under Michigan law. Accordingly, the Court will dismiss Plaintiff's gross negligence claim.

Count IV is an allegation that the City failed to properly train its law enforcement officers and/or had customs or policies that permitted the individual Defendants to commit wrongful acts upon Favors in violation of his constitutional rights. Municipal governments and their agencies are liable under § 1983. The Supreme Court held that local governments "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, "a municipality cannot be held liable *solely* because it employs a tortfeasor or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691.

Therefore, municipalities are liable only if some "official policy" or custom is the "moving force" behind a harm. *Id.* at 694. To prove the policy or custom, "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005).

In Favors' complaint, he contends that the City "practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to [him]." (Compl. ¶ 40). In essence, Favors identifies those customs, practices, and policies as follows:

    a.    Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b.    Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c.    Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d.       Failing to supervise, review, and/or discipline police officers whom the City . . . knew or should have known were violating or prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e.       Failing to adequately train and/or supervise its police officers in the proper policies and procedure for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

In the opinion of the Court, these allegations meet the *Twombly*'s requirements. The claim for relief in the complaint is plausible on its face. Therefore, the Defendants' motion is denied.

### IV.

For the reasons stated above, the Defendants' motion to dismiss is granted in part and denied in part. (ECF 12). With respect to the first, second, and fourth counts within the complaint, the Defendants' motion to dismiss is denied. Addressing Favors' allegations in the third count, the motion to dismiss by the Defendants is granted.

IT IS SO ORDERED.

Date: March 5, 2012

                                                    s/Julian Abele Cook, Jr.
                                                    JULIAN ABELE COOK, JR.
                                                    U.S. District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 5, 2012.

                                                    s/ Kay Doaks
                                                    Case Manager